UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00180-FDW-SCR

| MARY ROSLYN MIXON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| JENNIFER PAGE, BRANDON APENBRINCK, and ERIN GREENE, | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on *pro se* Plaintiff Mary Roslyn Mixon's ("**Plaintiff**") Motion for Entry of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, filed on May 1, 2023.[1] (Doc. No. 10). For the reasons set forth below, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

I. BACKGROUND

Plaintiff filed her Complaint to initiate this action on March 27, 2023, alleging claims against Defendants Brandon Apenbrinck, Jennifer Page, and Erin Greene. (Doc. No. 1). On April 5, Plaintiff filed a Domestic Return Receipt Form from the United States Postal Service presumably indicating that Plaintiff mailed a copy of the Complaint and summons to Defendant Greene in Charlotte, North Carolina, and that an individual named Jonathan Rose signed for the documents at delivery on March 30. (Doc. No. 3, p. 1). On April 14, Plaintiff filed two more Domestic Return Receipt Forms, again presumably indicating that a copy of the Complaint and summons were delivered to Defendants Apenbrinck and Page in Saint Louis, Missouri, on April

---

[1] It is unclear from Plaintiff's Motion which Defendant(s) Plaintiff seeks entry of default against. The Court therefore interprets Plaintiff's Motion as applying to all Defendants.

1

6. (Doc. No. 5, p. 1). However, both Receipts lack the recipients' signatures. (Id.). Further, it appears Plaintiff mailed all three sets of documents herself, as all three Receipt Forms list Plaintiff's address of record as the "Sender." (Doc. Nos. 3, 5). Finally, Plaintiff filed the Receipt Forms for each of the three Defendants without any explanation, supporting affidavits, or other proof of service. (Id.).

On May 1, 2023, Plaintiff moved for Entry of Default against Defendants. (Doc. No. 10). Defendants have not yet answered, appeared, or otherwise responded to Plaintiff's Complaint.[2] Thus, this Court must determine whether entry of default against Defendants is proper.

## II. STANDARD OF REVIEW

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure establishes that "[a] defendant must serve an answer[] within 21 days after being served with the summons and complaint." Rule 55(a) further provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Nonetheless, before entering default against a defendant, a court must assure itself that the defendant has been properly served. See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) (vacating a default judgment where service of process was insufficient); see also Cent. Operating Co. v. Util. Workers of Am., AFL-CIO, 491 F.2d 245, 249 (4th Cir. 1974) ("It is axiomatic that a federal court cannot acquire *in personam* jurisdiction over a defendant who does not voluntarily appear unless

---

[2] However, it does appear that Defendants have received actual notice of Plaintiff's suit against them. Plaintiff has filed a letter she received from a law firm representing Defendants' employer, Charter Communications, (Doc. No. 6, pp. 1–2), along with a copy of an arbitration agreement Charter Communications claims Plaintiff had signed, (id. at 3–7). The letter warned that Charter Communications would file a motion to compel arbitration unless Plaintiff voluntarily dismissed the present case. (Id. at 1–2). At the top of her filing, Plaintiff handwrote: "I'd rather not arbitrate for HR on Local Level + EEOC Investigator has issued Right to Sue." (Id. at 1). The Court does not consider this filing to be a response or motion from any of Defendants. Nor does the Court consider this filing to be any type of motion by Plaintiff.

2

Case 3:23-cv-00180-FDW-SCR   Document 11   Filed 06/28/23   Page 2 of 8

he is served with process in a manner authorized by federal statute or rule."). Thus, the party seeking entry of default must produce sufficient evidence to demonstrate not only that the adverse party has failed to respond, but also that they were properly served. Here, all three Defendants have failed to respond or appear in any way. Thus, the issue before this Court is whether Plaintiff has properly served Defendants pursuant to the Federal Rules of Civil Procedure, which turns first on whether the method of service was proper, and second on whether the proof of service is sufficient. Here, the Court finds that neither the method nor the proof of service is sufficient.

### III. ANALYSIS

Rule 4 establishes the guidelines for effectuating service on an individual:

**(e)** **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(c)—(e). Thus, service could have been effectuated in compliance with the Federal Rules, the rules of the state in which the federal district court is located, or the rules of the state where service is rendered. The Court considers each in turn to determine whether the method and proof of service was proper here such that Plaintiff is entitled to entry of default.

3

A.      **The Federal Rules of Civil Procedure**

A plaintiff must comply with the Federal Rules of Civil Procedure even if they are proceeding *pro se*.  See, e.g., Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149–52 (1984) (per curiam).  The Federal Rules establish that for proper service:

> (1) *In General*.  A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
> (2) *By Whom*.  Any person who is at least 18 years old and not a party may serve a summons and complaint. . . .

FED. R. CIV. P. 4(c) (emphasis in original).  "Thus, a plaintiff—even one proceeding *pro se*—may not effectuate service herself by sending a copy of the summons and complaint through certified mail."  Ospina Baraya v. Ospina Baraya, No. 3:21-CV-00640-FDW-DSC, 2022 WL 3129590 (W.D.N.C. Aug. 4, 2022) (citations omitted); see also Norton v. Columbus Cnty. Bd. of Elections, 493 F. Supp. 3d 450, 458 (E.D.N.C. 2020), aff'd, 834 F. App'x 54 (4th Cir. 2021) ("Therefore, '[e]ven when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail.'" (quoting Constien v. United States, 628 F.3d 1207, 1213 (10th Cir. 2010)).  Here, Plaintiff mailed the summons[3] to each Defendant herself—a clear violation of Rule 4 that invalidates Plaintiff's attempted service of process pursuant to the Federal Rules of Civil Procedure.  (Doc. Nos. 3, 5).

Further, Plaintiff has failed to satisfy Rule 4(l)'s requirements for proof of service.  Rule 4(l) of the Federal Rules of Civil Procedure provides: "*Affidavit Required.*  Unless service is waived, proof of service must be made to the court . . . by the server's affidavit."  FED. R. CIV. P.

---

[3] The Court notes that the Federal Rules do not themselves allow for service by mail.  FED. R. CIV. P. 4(e).  Further, the Domestic Return Receipts do not indicate what was actually mailed to Defendants.  (Doc. Nos. 3, 5).  However, even assuming the complaint and summons were both properly included in the mailed documents, and assuming the state laws implicated by Rule 4(e)(1) are satisfied, because Plaintiff mailed them herself, she has failed to effectuate service properly as required by Rule 4.

4

4(l)(1). Here, although Plaintiff did file the Domestic Return Receipts, she did not file an affidavit along with them as required. (Doc. Nos. 3, 5, 10). Thus, not only did Plaintiff fail to satisfy Rule 4's requirements for the method of service, as Plaintiff mailed the summons and complaint to Defendants herself, but she also failed to satisfy Rule 4's requirements for proof of service because she did not file the affidavit of service. Accordingly, Plaintiff has not properly served any of the Defendants pursuant to the Federal Rules of Civil Procedure.

**B.      North Carolina Rules of Civil Procedure**

The Court next considers the rules of service in North Carolina because Plaintiff filed this suit in the District Court for the Western District of North Carolina, and because Plaintiff attempted to render service on Defendant Greene in Charlotte, North Carolina. (Doc. No. 3, p. 1); FED. R. CIV. P. 4(e)(1). The North Carolina Rules of Civil Procedure provide that a plaintiff may serve a defendant by any of the following methods:

  c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
  d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
  e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. R. Civ. P. 4 (j)(1)(c)–(e). "Statutes authorizing service by mail . . . are strictly construed and must be followed with particularity." Newton v. City of Winston-Salem, 374 S.E.2d 488 (N.C. Ct. App. 1988).

"When attempting to effectuate service by certified mail, return receipt requested, 'the serving party shall file an affidavit with the court showing proof of such service. . . .'" *In re*

5

George, 825 S.E.2d 19, 27 (N.C. Ct. App. 2019), aff'd in part, rev'd in part on other grounds, 856 S.E.2d 483 (N.C. 2021) (quoting N.C. Gen. Stat. § 1A–1, Rule 4(j2)(2)).[4]  "The requirement that an affidavit contain information showing . . . proof of service is mandatory."  Id. (citing Dawkins v. Dawkins, 232 S.E.2d 456, 457 (N.C. Ct. App. 1977).  Therefore, if a plaintiff fails to comply with these rules, service cannot be obtained.  Stone v. Hicks, 262 S.E.2d 318, 319 (N.C. Ct. App. 1980) (citing Guthrie v. Ray, 235 S.E.2d 146 (N.C. 1977)).  Under such circumstances, it "is immaterial" whether the defendant had actual notice of service.  Cnty. of Jackson v. Moor, 765 S.E.2d 122 *4 (N.C. Ct. App. 2014) (citing Stone, 262 S.E.2d at 319 ("Although both defendants may have had actual notice of the lawsuit, such notice cannot supply constitutional validity to service unless the service is in the manner prescribed by statute.") (internal citation omitted)).

   Here, the method of service appears to be proper, as North Carolina law permits service by mail.  N.C. R. Civ. P. 4 (j)(1)(c)–(e).  However, as above, Plaintiff has failed to satisfy North Carolina's proof of service requirements because Plaintiff did not file any affidavit showing proof of service in accordance with North Carolina's Rules of Civil Procedure.  Further, none of the Domestic Return Receipts were signed by any of the Defendants upon delivery.  Id.; (Doc. Nos. 3, 5).  Because Plaintiff has failed to comply with these rules, Plaintiff has not properly served Defendants in accordance with North Carolina law.  Id. (citing Guthrie, 235 S.E.2d).

---

[4] The affidavit must aver:

> a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
> b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and
> c. That the genuine receipt or other evidence of delivery is attached.

Id. (citing N.C. Gen. Stat. § 1–75.10(a)(4)).

6

Case 3:23-cv-00180-FDW-SCR   Document 11   Filed 06/28/23   Page 6 of 8

**C.     Missouri Rules of Civil Procedure**

The Court next considers Missouri's state law, because Plaintiff attempted to serve Defendants Apenbrinck and Page in Saint Louis.  (Doc. No. 5, p. 1); FED. R. CIV. P. 4(e)(1).

Under Missouri law, "actual notice does not suffice to confer jurisdiction."  Williams v. Zellers, 611 S.W.3d 357, 364 (Mo. Ct. App. 2020) (citing O'Hare v. Permenter, 113 S.W.3d 287, 289 (Mo. Ct. App. 2003)).  "Rather, service of process must conform to the manner established by law to properly invoke the court's jurisdiction."  Id. (citing Bate v. Greenwich Ins. Co., 464 S.W.3d 515 (Mo. 2015)).  The Missouri Rules of Civil Procedure provide, in relevant part:

> Service of the summons and petition upon a defendant . . . may be made by the plaintiff . . . by mailing a copy of the summons and petition by first-class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment [receipt] . . . and a return envelope, postage prepaid, addressed to the sender.  If no acknowledgment of service under this subsection is received by the sender within thirty days after the date of mailing, service of the summons and petition shall be made as otherwise provided by this section or supreme court rule.

Mo. Ann. Stat. § 506.150.4 (West).  Upon receipt of this mailing, valid service is effectuated if the defendant signs the acknowledgment receipt to waive personal service.  See id. § 506.150.2; see also Missouri Supreme Court Rule 54.13(c).

However, service is not effectuated if the defendant fails to sign and return the acknowledgment receipt.[5]  Williams, 611 S.W.3d at 364.  Moreover, the "court can neither compel

---

[5] Rather,

> According to the plain language of [Missouri Annotated Statute] [S]ection 506.150.4 and [Missouri Supreme Court] Rule 54.16, if a defendant does not sign and return the form to acknowledge service by mail in a timely manner, "service of the summons and petition shall be made as otherwise provided" by statute or rule. (Emphasis added).  Delivery by mail of the acknowledgment, in itself, is not enough to support the exercise of personal jurisdiction over the defendant.  Cook v. Polineni, 967 S.W.2d 687, 693 (Mo. App. E.D. 1998).  "By the express terms of the service by acknowledgment provisions, defendant must complete and return to the sender the acknowledgment before service in that manner may be effective."  Id.

Williams, 611 S.W.3d at 364.

7

the defendant to waive personal service nor penalize him by entering a default judgment against him for failing to acknowledge receipt of the petition and summons via mail." Id. at 366.

Here, Plaintiff mailed summons to Defendants Apenbrinck and Page in Saint Louis, Missouri. As with North Carolina law, Missouri permits service by mail. However, Plaintiff has not provided the Court with a receipt, signed by either Defendant, indicating that service had been received. Without such a receipt, Plaintiff has failed to effectuate service on Defendants properly under Missouri law. Id. at 364.

Therefore, Plaintiff has failed to properly serve Defendants under either the Federal Rules of Civil Procedure, the North Carolina Rules of Civil Procedure, or the Missouri Rules of Civil Procedure. Accordingly, Plaintiff is not entitled to entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Default, (Doc. No. 10), is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff must serve Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure within thirty (30) days of entry of this Order to avoid the dismissal of her Complaint. FED. R. CIV. P. 4(a), (c), (e), (l), (m).[6]

**IT IS SO ORDERED.**

Signed: June 27, 2023

Frank D. Whitney
United States District Judge

---

[6] Rule 4(m) provides: "**Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m) (emphasis in original).