UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00180-FDW-SCR

| MARY ROSLYN MIXON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| BRANDON APENBRINCK, ERIN GREENE, JENNIFER PAGE, and CHARTER COMMUNICATIONS, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court *sua sponte* concerning the status of this case. In an Order denying Plaintiff's Motion for Default Judgment, the Court directed Plaintiff to serve Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure within thirty (30) days of entry of the Order. (Doc. No. 11).

On July 18, 2023, Plaintiff submitted a return certified mail card with a notarized Certificate of Service for Brandon Apenbrinck, Jennifer Page, and Erin Greene—the individually named Defendants. (Doc. No. 13). On July 31, 2023, Plaintiff also submitted a return certified mail card with a notarized Certificate of Service for Charter Communications—a corporate Defendant. (Doc. No. 16). The return certified mail card indicates it was sent to an address of "Charter Communications, LLC 12405 Powers Court Drive Saint Louis, MO 63131." (Id.). Each return certified mail card and Certificate of Service indicate Plaintiff herself effectuated service. None of the Defendants have appeared in this Court.

Under the rules governing service of process, "the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements

1

of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003); see also Plant Genetic Systems v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996). Service of process in this case is controlled by both North Carolina law, where this Court is located, as well as Missouri law, as the state where service was attempted to be made on Defendants Jennifer Page and Brandon Apenbrinck.

A plaintiff must comply with the Federal Rules of Civil Procedure even if they are proceeding *pro se*. See, e.g., Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149–52 (1984) (per curiam). The Federal Rules establish that for proper service:

> (1) *In General*. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
> (2) *By Whom*. Any person who is at least 18 years old and not a party may serve a summons and complaint. . . .

FED. R. CIV. P. 4(c) (emphasis in original). "Thus, a plaintiff—even one proceeding *pro se*—may not effectuate service herself by sending a copy of the summons and complaint through certified mail." Ospina Baraya v. Ospina Baraya, No. 3:21-CV-00640-FDW-DSC, 2022 WL 3129590 (W.D.N.C. Aug. 4, 2022) (citations omitted); see also Norton v. Columbus Cnty. Bd. of Elections, 493 F. Supp. 3d 450, 458 (E.D.N.C. 2020), aff'd, 834 F. App'x 54 (4th Cir. 2021) ("Therefore, '[e]ven when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail.'" (quoting Constien v. United States, 628 F.3d 1207, 1213 (10th Cir. 2010)).

Here, Plaintiff mailed the summons to each Defendant herself—a clear violation of Rule 4 that invalidates Plaintiff's attempted service of process pursuant to the Federal Rules of Civil Procedure. Accordingly, dismissal of Plaintiff's Complaint for insufficient process is proper on this ground.

2

Case 3:23-cv-00180-FDW-SCR   Document 17   Filed 01/18/24   Page 2 of 4

Additionally, under North Carolina law, service on corporate defendants may be effectuated by sending the summons and complaint by certified mail *addressed* to "the officer, director or agent to be served." N.C. Gen. Stat. § 1A-1; N.C. R. Civ. P. 4(j)(6)(c).

> The proper methods of service on corporations are to either (1) "deliver a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," or (2) follow the state law rules for effecting service. Fed. R. Civ. P. 4(h)(1). The North Carolina Rules of Civil Procedure provide that corporations should be served by delivering or mailing a copy of the summons and of the complaint to either "an officer, director, or managing agent of the corporation," someone who appears to be in charge of that person's office, or to the person authorized to accept service for the corporation. N.C. R. Civ. P. 4(j)(6).

Brown v. Blue Cross and Blue Shield of North Carolina, 226 F.R.D. 526, 528 (M.D.N.C. 2004); see also Sweeting v. Wells Fargo Bank, 2017 WL 3923978 (2017) (dismissing complaint filed by pro se plaintiff for failure to comply with Federal Rules of Civil Procedure and North Carolina Rules of Civil Procedure in serving the defendant).

The record shows Plaintiff did not attempt to serve process upon an appropriate officer, director, managing agent, or authorized agent of Defendant Charter Communications. Indeed, Plaintiff has failed to show that she designated any individual on the return certified mail card[1] to be served on Defendant's behalf. Summons issued to a corporation without the identification of an officer, director, or managing or authorized agent is defective on its face. Lane v. Winn Dixie Charlotte, Inc., 609 S.E.2d 456, 460 (N.C. Ct. App. 2005) ("A review of the summons demonstrates that plaintiffs failed to designate any person authorized by Rule 4(j)(6) to be served on behalf of the corporate defendant in violation of the clear requirements of the rule. Accordingly, the summons was defective on its face.")). Accordingly, dismissal of Plaintiff's Complaint for insufficient process is also proper on this ground.

---

[1] Plaintiff did not submit to the Court a copy of the envelope containing the summons and Complaint; therefore, the Court cannot assess whether the address on the envelope was different than that on the return certified mail card.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for insufficient service of process. The Clerk is respectfully DIRECTED to CLOSE THIS CASE.

**IT IS SO ORDERED.**

_____
Frank D. Whitney
United States District Judge

Signed: January 17, 2024